# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 3, 2006

132217
& (23)

GRAND TRUNK WESTERN
RAILROAD INCORPORATED,
　　　　　Plaintiff-Appellant,

v

37TH CIRCUIT COURT JUDGE,
　　　　　Defendant-Appellee.

SC: 132217
COA: 273411

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

_____/

　　　　By order of October 9, 2006, the Court granted motions for immediate consideration, to waive the filing of the transcript, and for stay of trial court proceedings in *Kemperman v Canadian National RR* (Docket No. 04-4370-NO) and *O'Connell v Canadian National RR* (Docket No. 04-4372-NO). On order of the Court, the application for leave to appeal the October 4, 2006 order of the Court of Appeals is again considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for reinstatement and consideration of the complaint for superintending control. The trial court had not issued any order on plaintiff's motion contending that the underlying asbestos cases should not be bundled, or on its motion for reconsideration. Accordingly, there was no order from which plaintiff could file an emergency appeal. The Court of Appeals is directed to decide plaintiff's claim that the trial court has violated this Court's Administrative Order 2006-6 concerning the "bundling" of asbestos-related cases for trial. This Court's order staying the underlying proceedings remains in effect pending the completion of this appeal. On motion of a party or on its own motion, the Court of Appeals may modify, set aside, or place conditions on the stay if it appears that the appeal is not being vigorously prosecuted or if other appropriate grounds appear. The motion for *pro hac vice* admission is GRANTED.

　　　　We do not retain jurisdiction.

WEAVER, J., dissents and states as follows:

I would deny leave for an interlocutory appeal in this case. It is unnecessary to further delay the trials in these cases. Accordingly, I dissent from the order remanding these cases to the Court of Appeals.

KELLY, J., dissents and states as follows:

I would not remand the case to the Court of Appeals but would deny interlocutory leave to appeal.

CAVANAGH, J., joins the statement of KELLY, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 3, 2006

_____
Clerk